41 F.3d 1521
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Nicolas KALIARDOS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, BASF Corporation, H.B. Fuller
Company, and H.B. Fuller Automotive Products,
Inc., jointly and severally, Defendants-Appellees,
and
Daubert Industries, Inc., Defendant-Appellee.
 No. 94-1265.
 United States Court of Appeals, Federal Circuit.
 Nov. 22, 1994.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Nicolas Kaliardos appeals from a decision of the United States District Court for the Eastern District of Michigan granting summary judgment of non-infringement in favor of General Motors Corporation, BASF Corporation, H.B. Fuller Company, H.B. Fuller Automotive Products, Incorporated, and Daubert Industries, Incorporated. Kaliardos v. General Motors Corp., Civ. No. 88-73729 (E.D.Mich. Mar. 30, 1994). Because we conclude there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law, we affirm.
 
 DISCUSSION
 
 2
 On September 14, 1988, Kaliardos filed an action claiming infringement of certain claims of United States Patents 3,959,530 and 4,356,036 by General Motors and three of its suppliers of anti-corrosive automobile coatings. Kaliardos claimed that the defendants infringed the '530 patent under the doctrine of equivalents, and infringed the '036 patent literally and under the doctrine of equivalents.* In 1991, after lengthy discovery, the defendants filed motions for summary judgment of non-infringement.
 
 
 3
 On October 7, 1993, the magistrate judge reported that the evidence produced did not create a genuine issue of material fact concerning whether the accused products infringed the asserted claims, either literally or under the doctrine of equivalents. Accordingly, the magistrate judge recommended entry of summary judgment in favor of the defendants. The district court judge adopted the report and recommendation of the magistrate, granted the defendants' motions for summary judgment, and dismissed Kaliardos's action on the merits. Kaliardos now appeals.
 
 
 4
 Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). If a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is initially on the moving party to show that there is an absence of evidence to support the non-moving party's case. Id. at 323. The burden then shifts to the non-moving party to designate specific facts showing that there is a genuine issue for trial. Id. at 324. In reviewing a grant of summary judgment, we must make an independent determination as to whether the standards for summary judgment have been met. C.R. Bard, Inc. v. Advanced Cardiovascular Sys., 911 F.2d 670, 673, 15 USPQ2d 1540, 1542-43 (Fed.Cir.1990).
 
 
 5
 Claim 1 of each patent is representative of the claims asserted against the defendants. Claim 1 of the '530 patent reads:
 
 
 6
 A cleaning and protective coating composition consisting essentially of a mixture of wax residue such as paraffin and microcrystalline wax, perchlorethylene [sic], petroleum distillate having a boiling point ranging between 350 [degrees] and 380 [degrees] F., and a nonionic surfactant such as nonylphenoxypoly (ethyleneoxy) ethanol and a small amount of [N,N,N',N'-tetrakis (2-hydroxypropyl) ethylenediamine].
 
 Claim 1 of the '036 patent reads:
 
 7
 An anti-corrosion coating composition comprising a mixture of aluminum paste or zinc paste containing aluminum or zinc flakes and a solvent, microcrystalline wax, aromatic hydrocarbon resin having a softening point, R and B, of 70 [degrees] C.-140 [degrees] C., chlorinated rubber having a combined chlorine content of at least 66%, neutral barium sulfonate, chlorinated solvent, aromatic hydrocarbon solvent and mineral spirits.
 
 
 8
 Kaliardos asserts that the court erred in granting summary judgment because he presented sufficient evidence to show there are genuine issues requiring trial. However, the evidence adduced does not establish that each of the elements of the asserted claims is present in the accused coatings. For example, the evidence does not show the presence of neutral barium sulfonate in the BASF coatings or the presence of chlorinated solvent or chlorinated rubber in the Daubert coatings. Furthermore, there is a lack of evidence that the accused coatings infringe the patents under the function-way-result test of the doctrine of equivalents. Moreover, there were inadequate assertions of the presence of equivalents of neutral barium sulfonate, a nonionic surfactant such as nonylphenoxypoly (ethyleneoxy) ethanol, and the specific ethylenediamine required by the claims. We thus agree that there were no genuine issues of material fact concerning infringement and that the court did not err in granting summary judgment of noninfringement.
 
 
 9
 Kaliardos also asserts that the court abused its discretion in denying his motion for leave to supplement his responses with a test report of his expert. The court denied Kaliardos's motion on the basis that the report was untimely and unverified. Kaliardos has not established that the court abused its discretion in not admitting the test report in question.
 
 
 10
 Furthermore, Kaliardos asserts that the court abused its discretion in not granting his request for an oral hearing before deciding the motion for summary judgment. However, the court properly relied on the record developed by the magistrate and was not required to conduct an oral hearing in addition to that conducted by the magistrate.
 
 
 11
 Finally, the defendants each request an award of attorney fees and costs against Kaliardos. We decline to award fees and costs in this case because we believe the appeal was undertaken conscientiously.
 
 
 
 *
 Kaliardos alleged that BASF literally infringed claims 1, 2, and 7 of the '036 patent, and infringed claims 1-6 of the '036 patent and claims 1 and 2 of the '530 patent under the doctrine of equivalents; that Daubert literally infringed claims 1, 5, and 6 of the '036 patent, and infringed claims 1-6 of the '036 patent and claims 1 and 2 of the '530 patent under the doctrine of equivalents; and that Fuller infringed claims 1 and 2 of the '530 patent under the doctrine of equivalents. Kaliardos also asserted claims against General Motors